# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
SHAWN SHORKEY,                      *
                                    *    No. 15-768V
            Petitioner,             *    Special Master Christian J. Moran
                                    *
v.                                  *
                                    *    Filed: April 21, 2017
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *    Attorneys' fees and costs.
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan and David J. Carney, Anapol Weiss, Philadelphia, PA, for petitioner;
Colleen C. Hartley, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On March 20, 2017, petitioner moved for final attorneys' fees and costs in the above-captioned matter. **Petitioner is awarded $38,934.91**.

On July 23, 2015, Shawn Shorkey filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), alleging that the influenza vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), and which he received on November 15, 2012, caused him to suffer chronic inflammatory demyelinating polyneuritis. The undersigned issued a decision awarding compensation to Mr. Shorkey based on the parties' stipulation. Decision, 2017 WL 1330324 (Mar. 16, 2016).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Because Mr. Shorkey received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*   \*   \*

Mr. Shorkey seeks a total of $41,782.71 ($36,825.50 in attorneys' fees and $4,957.21 in costs) for his counsel. In compliance with General Order No. 9, Mr. Shorkey states that he advanced no monies for reimbursable costs in pursuit of his claim. For hourly rates, Mr. Shorkey's counsel, David J. Carney, billed $290 per hour. This rate is reasonable, in accord with McCulloch, and has previously been awarded. See McCulloch v. Sec'y Health & Human Servs., No. 09–293V, 2015 WL 5634323, \*16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592 (Fed. Cl. Spec. Mstr. Oct. 6, 2016)

Mr. Carney received assistance from, Lawrence Cohan, a partner at the law firm. Mr. Cohan billed $400 per hour for work done on the case. Additionally, Mr. Shorkey seeks reimbursement for paralegal Robin Puccio who billed $125 per hour. Both rates are reasonable, in accord with McCulloch, and have previously been awarded. See id.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10,

2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). Here, and similar to in Florence, the attorneys' timesheets are organized and do not contain block entries, but excessive time is billed for routine tasks and the timesheets contain vague entries. In Florence, the undersigned found that petitioner's counsel had billed ten percent too many hours due to excessive billing and vague time entries. Florence, 2016 WL 6459592, *2-3 (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). The same "rough justice" applies here resulting in a deduction of **$2,847.80**.

In addition to seeking attorneys' fees, the Mr. Shorkey seeks an award of costs for his counsel. Most of the costs are relatively routine, such as costs for medical records retrieval, mailings, and photocopies. These costs are reasonable, documented, and are awarded in full. The remaining costs are for the retainer of neurologist Lawrence Steinman. Dr. Steinman's invoice, dated February 19, 2015, states that the $3,000 retainer covers the first six hours of services. The timesheets state that Dr. Steinman was retained prior to the filing of the case for purposes of "expert case review." The cost is awarded in full.

After reviewing the request, the Court awards the following:

a. **A lump sum of $38,934.91 in the form of a check made payable to petitioner and petitioner's attorney, Lawrence R. Cohan, of Anapol Weiss.**

This represents reimbursement for attorneys' fees other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.